UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY COLLINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:13-CV-623 JD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Timothy Collins, a *pro se* prisoner, filed a habeas petition challenging a prison disciplinary proceeding (DE 1.) In NCF #12-09-0260, a hearing officer found Collins guilty of theft/unauthorized possession of property. (DE 9-3 at 1.) The charge arose from an incident occurring when Collins was being screened for a different disciplinary offense. (DE 9-1 at 1.) On September 24, 2012, Officer Casebere (first name unknown) wrote a conduct report stating as follows:

> On the above date and approximate time, I, Ofc. Casebere was screening Offender Collins, T #911626. During the screening, Ofd. Collins grabbed the confidential paperwork out of my hands and began to run around the pod. He then took the confidential State Forms into the outside rec. pad and shut the door, knowing I did not have a key. Assistance was called for and the documents were recovered.[1]

(DE 9-1 at 1.) Officer D. Adkins, who was also working at the time of this incident, wrote the following witness statement:

> On 9/24/12 I, ofc Adkins did see inmate Collins, T. # 911626 run out of pod-2 rec door and shut it behind. I was called by the screening officer to assist her with inmate Collins after he grabbed documents out of her hand. I, ofc Adkins, entered the rec pad after calling for assistance to secure the inmate and retrieve the documents.

---

[1] Due to the type of paper the conduct report was written on, the respondent was unable to submit a good quality copy of this document. (DE 9 at 3 n.2; DE 10 at 1.) The court finds the report submitted sufficiently legible, but if there is any ambiguity, the record also contains a summary of the report prepared from the original. (DE 10.) Collins does not dispute the accuracy of the summary provided by the respondent, and instead concurs in the relevant facts. (*See* DE 11.)

(DE 9-3 at 2.)

On September 28, 2012, Collins was formally notified of the charge and given a copy of the conduct report. (DE 9-1, 9-2.) He pled not guilty, declined the assistance of a lay advocate, did not request any witness statements or physical evidence, and waived the 24-hour notice requirement. (DE 9-2.) On October 5, 2012, the hearing officer conducted a hearing on the charge. (DE 9-3 at 1.) Collins made the following statement: "I can't plead guilty to it but I did take it and read it." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) Among other sanctions, Collins lost earned-time credits. (*Id.*) His administrative appeals were denied (DE 9-4, DE 9-5), and he thereafter filed this petition.

When a due process liberty interest is at stake in prison disciplinary hearings, the Fourteenth Amendment guarantees prisoners certain procedural due process protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The petition is not a model of clarity, but it can be discerned that Collins challenges the sufficiency of the evidence. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188

F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). The court will overturn a guilty finding only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

Here, Officer Casebere reported that Collins grabbed a confidential report out of her hands and ran to another area of the prison to read it. (DE 9-1.) Another officer had to be called for assistance, and they then retrieved the report from Collins. (9-1.) Officer Adkins provided a witness statement corroborating Officer Casebere's account. (DE 9-3 at 2.) At the hearing, Collins admitted that he took the report from Officer Casebere and read it (DE 9-3 at 1), and he admits as much again in his traverse. (DE 11 at 2.) This evidence is sufficient to support the finding that Collins was guilty of possessing unauthorized property. *See Hill*, 472 U.S. at 457 (evidence is sufficient as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.*"); see also Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided some evidence to support disciplinary determination).

Collins appears to argue that he needed the report to defend himself in the other case, which involved a charge of trafficking. He further argues that the report contained various falsehoods about his activities. (DE 1 at 3; DE 11 at 3.) Such arguments are of no assistance to him here. If he believed he was entitled to view the report in connection with the trafficking case, he was free to

3

seek such relief in that case; indeed, he presently has another habeas petition pending in which he challenges the trafficking conviction, raising precisely that argument.[2] *See Collins v. Superintendent*, 3:13-CV-622-JVB (N.D. Ind. Jun. 24, 2013). He does not dispute that he lacked permission to grab the confidential report out of Officer Casebere's hands and run to another area of the prison to read it. Instead, he asserts that he was entitled to steal the report because Officer Casebere would not give it to him as he requested. (DE 11 at 2.) However, prisoners do not have the right to decide which rules and orders they will comply with, and which they will disregard, since this places the security of the entire facility at risk. *See Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). The issue here is solely whether Collins was in possession of unauthorized property, and on that point the evidence is sufficient. Accordingly, his claim is denied.

Collins may also be claiming that he was denied access to evidence. (*See* DE 1 at 3.) A prisoner has a limited right to call witnesses and present evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer may deny a witness or evidence request that threatens institutional goals or is irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence); *see also Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996) ("exculpatory evidence" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's]

---

[2] The court offers no opinion about the merits of such a claim, but notes that as general matter "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public[.]" *White* v. *Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Due process does require that confidential information bear sufficient indicia of reliability. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995).

4

guilt"). The denial of evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *Piggie*, 342 F.3d at 666.

Here, Collins signed the screening form, which reflects that he did not request any witness statements or physical evidence when he was given the opportunity to do so. (DE 9-2.) He cannot fault the hearing officer for failing to consider evidence he did not properly request. *See Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). Nor has he demonstrated prejudice. It appears he wanted the confidential report produced, but the content of the report was irrelevant to the charge in this case. Again, Collins may have some argument pertaining to the propriety of keeping this evidence from him in the *trafficking* case, but here the question is solely whether he took something that he was not authorized to take. Accordingly, he has not established a violation of his due process rights.

For these reasons, the petition (DE 1) is DENIED.

SO ORDERED.

ENTERED: January 17, 2014

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court